FILED
SUPERIOR COURT
OF GUAM

2021 MAR -2 PM 3: 19

CLERK OF COURT
BY:

**IN THE SUPERIOR COURT OF GUAM**

Superior Court Case No. <u>CV0624-20</u>

BANK OF GUAM,

Plaintiff,

vs.

BENJAMIN K. PUANA,

Defendant.

**DECISION AND ORDER RE MOTION
FOR SUMMARY JUDGMENT**

The Court here considers Plaintiff Bank of Guam's ("BOG") Motion for Summary Judgment on its claims against Defendant Benjamin K. Puana. BOG asserts that Puana failed to make payments on the account for the principal balance of $14,229.65, accrued interest of $155.14, plus interest at the rate of 12% *per annum* from July 1, 2020, and reasonable attorney's fees not to exceed 15% of the unpaid balance of $2,168.22. After reviewing the record and relevant law, the Court finds that Defendant Benjamin K. Puana failed to provide specific facts indicating a genuine issue for trial. The Motion for Summary Judgment is therefore GRANTED.

## I.    UNDISPUTED FACTS

It is undisputed that Puana maintains a Visa Charge account ("account") governed by a Credit Card Cardholder Agreement ("Agreement") with BOG. Decl. in Support of Mot. Summ. J. ("Decl.") ¶ 6. Puana admits that he failed to make the required payments and that the Agreement allows BOG to charge interest at the rate of 12% per annum on any unpaid and overdue balance. Def.'s Answer ¶¶ 3-4 (Oct. 20, 2020). Moreover, Puana offers no alternative


ORIGINAL

calculations as to the principal balance of $14,229.65 or the accrued interest of $155.14. Decl. ¶ 5.

## II.   LAW AND DISCUSSION

Under GRCP 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with other affidavits, if any, show there is no genuine issue of material fact that the moving party is entitled to a judgment as a matter of law." Summary judgment is proper only where there is no genuine dispute as to any material fact. GRCP 56(c).

When a motion for summary judgment is made, an adverse party may not rest upon allegations or denials of the adverse party's pleading. GRCP 56(e). The adverse party's response must set forth specific facts showing a genuine issue for trial. *Id.* If, after adequate time for discovery, the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," then Rule 56(c) requires entry of summary judgment. *Kim v. Hong*, 1997 Guam 11 ¶ 8. When deciding a motion for summary judgment, "the court must draw inferences and view the evidence in a light most favorable to the non-moving party." *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 7.

Generally, in a contract dispute, a motion for summary judgment may be granted only where the agreement's language is unambiguous and conveys a definite meaning. *Edwards v. Pac. Fin. Corp.*, 2000 Guam 27 ¶ 9; *see also John Hancock Mutual Life Ins. Co. Amerford Int'l. Corp.*, 22 F.3d 458 (2nd Cir. 1994). Contractual language is unambiguous when it has "a definite and precise meaning, unattended by danger of misconception in the purport of the [contract] itself and concerning which there is no reasonable basis for a difference of opinion."

ORIGINAL

*John Hancock Mutual Life Ins. Co.* 22 F.3d at 461. "A contract must be interpreted as to give effect to the mutual intentions of the parties at the time of contracting." *Edwards*, 2007 Guam 27 ¶ 9 (quoting 18 GCA § 87102).

It is undisputed that Puana maintains an account governed by an Agreement with BOG and that he failed to make the required payments. Def's Answer ¶¶ 3-4. The Agreement's "Immediate Repayment of [Puana's] Full Balance," provision provides "[Puana] will be in default, and [BOG] may, … require immediate payment in full of all amounts outstanding upon [Puana's] account … if [he] fail[s] to make a payment when it is due…." Since Puana failed to make the required payments to the account, he is in default, and BOG is permitted to demand the immediate full payment of all outstanding amounts on the account.

As to the principal balance owed on the account, Puana claims that he is without sufficient knowledge as to the $14,299.56 figure that BOG alleges he owes. In support of the amount, BOG submits the declaration of Reanna R. Cruz, the Vice President/Loan Adjustment Manager for BOG. In her declaration, Cruz authenticates BOG's calculations and then advises that, as of July 1, 2020, Puana owes BOG the principal balance of $14,299.65. Decl. ¶ 5. In contrast, Puana provides no evidence disputing the amount owed. Accordingly, the Court finds no issue of material fact as to Puana's obligation to pay the principal balance of $14,299.56.

As to the accrued interest, the plain language of the Agreement's "Promise to Pay" provision provides that "[Puana] promise[s] to pay … the total of any interest charge…." BOG alleges that Puana owes $155.14, and Cruz's declaration corroborates the amount. Compl. Ex. 1 (Jul. 22, 2020); Decl. ¶ 5. Puana provides no evidence challenging the calculations. Accordingly, the Court also finds no issue of material fact regarding Puana's obligation to pay accrued interest of $155.14.

Regarding Puana's liability on additional interest, Puana admits that he failed to make the required payments and that the Agreement allows BOG to charge interest at the rate of 12% *per annum* on any unpaid and overdue balance. Def.'s Answer ¶¶ 3-4. Moreover, Cruz's declaration states that Puana owes BOG interest at the rate of 12% *per annum* from July 1, 2020. Decl. ¶ 5. The Court is satisfied that no issue of material fact exists as to Puana's obligation to pay the additional interest.

As to reasonable attorney fees due, the Agreement's "Promise to Pay" provision provides that "[Puana] promise[s] to pay all costs and expenses, including reasonable attorney's fees that [BOG] incur[s] in enforcing this agreement." Since it is undisputed that BOG incurred legal expenses by initiating the instant case, the Court finds no issue of material fact regarding Puana's liability to pay reasonable attorney fees incurred by BOG. Furthermore, since $2,168.22 does not exceed 15% of the unpaid balance, the Court finds that this is a reasonable request for attorney fees and expenses under the Agreement. Compl. Ex. 1.

The Court finds that Summary Judgment is proper. Puana is obligated to pay the principal balance of $14,299.65, the accrued interest of $155.14, plus interest at the rate of 12% *per annum* from July 1, 2020, and reasonable attorney fees in the amount of $2,168.22.

## III.     CONCLUSION

For the above reasons, the Court GRANTS Plaintiff's Motion for Summary Judgment.

SO ORDERED, this 2nd day of March 2021.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
Mark Beggs, The Law Offices of Duncan G. McCully, P.C. for Plaintiff Bank of Guam
Vanessa L. Williams, Law Office of Vanessa L. Williams, P.C., for Defendant Benjamin Puana